IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SEAN E. PINNIX, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:11CV668 |
| DURHAM COUNTY GOVERNMENT, JOYCE LOGAN, ROBIE MCLAMB, KIMBERLY SIMPSON, ELAINE HYMAN, JIM ULLMAN, and CHAELA GARLAND-DOWNEY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

<u>ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE</u>

This matter comes before the Court on the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6) [Doc. #13], filed by Defendants Durham County Government ("Durham County"), Chaela Garland-Downey, Elaine Hyman, Joyce Logan, Robie McLamb, and Kimberly Simpson.[1] Plaintiff Sean Pinnix is proceeding *pro se* and has responded to Defendants' motion. For the reasons set out below, the Court recommends that Defendants' motion be granted in part as to the individual defendants, and that the time period for service as to Defendant Durham County be extended for thirty (30) days from the date of this Order.

I.  FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Sean Pinnix is a former employee of Durham County, where he worked as a tax assistant from December 14, 2005 until his termination on October 25, 2010. (Pl.'s Am. Compl.

---

[1] Defendant Jim Ullman has not filed an Answer or otherwise appeared in this action.

[Doc. #5] at 2.) He has filed an Amended Complaint claiming violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2011).[2]

Plaintiff alleges that he suffers from "hyperglycemic unawareness, a progressive complication stemming from long term type-1 juvenile diabetes." (Pl.'s Am. Compl. [Doc. #5] at 3.) Generally, Plaintiff claims that Defendant Simpson and other "members of management" of the Durham County tax administration knew of his condition as of 2006. Plaintiff claims that in 2008, he requested reasonable accommodation for his condition, but the request was denied by "management" and he was disciplined and threatened with termination. (Id. at 4.) Plaintiff further alleges that in 2009 he again requested reasonable accommodation but that Defendants refused his request and disciplined him again. (Id.) Plaintiff contends that on September 27, 2010, he was "written up" for unacceptable personal conduct and again threatened with termination. (Id. at 5.) Plaintiff claims that this 2010 incident was caused by the management team's failure to follow up on his 2009 request for reasonable accommodation. (Id.) Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission and was "shortly thereafter suspended and then terminated by the defendants." (Id.) Plaintiff alleges that in 2007 and 2008, his supervisor, Defendant Joyce Logan, placed certain job requirements on him that she did not place on other employees. (Id. at 6.) Plaintiff requests damages as well as reinstatement to his former position with back pay and lost benefits. (Id. at 7.)

---

[2] Plaintiff's original Complaint also alleged violations of Title VII of the Civil Rights Act of 1964. However, Plaintiff's Amended Complaint supersedes the original Complaint. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (noting that as a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect). Therefore, Plaintiff's only claims presently before the Court are for alleged violations of the ADA.

Defendants move to dismiss on several bases, including failure to sufficiently allege a basis for personal jurisdiction and failure to state a claim upon which relief can be granted. In addition, Defendants contend that Defendant Durham County should be dismissed based on insufficient service of process. (Br. in Supp. of Defs.' Mot. to Dismiss [Doc. #14].)

II. DISCUSSION

   A. ADA Claim against Individual Defendants

First, with respect to the Motion to Dismiss as to individual Defendants Chaela Garland-Downey, Elaine Hyman, Joyce Logan, Robie McLamb, and Kimberly Simpson, the Court notes that it is well settled that "individual defendants do not face personal liability under the Americans with Disabilities Act." Swaim v. Westchester Acad., Inc., 170 F. Supp. 2d 580, 583 (M.D.N.C. 2001); see also Baird ex rel. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999) (noting that "Title VII does not provide a remedy against individual defendants who do not qualify as 'employers,'" and, similarly, "the ADA does not permit an action against individual defendants"). Therefore, Defendants' Motion to Dismiss should be granted as to all claims against these individual Defendants.

The Court further notes that Defendant Ullman has not made an appearance in the case. However, the Court also notes that Plaintiff is proceeding *in forma pauperis* in this action. (Order [Doc. #6].) Therefore, Plaintiff is subject to the *in forma pauperis* statute, which provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2). Therefore, although Defendant Ullman has not appeared, the Court concludes that for the reason set out above, Plaintiff cannot state a claim under the ADA against Defendant Ullman as an individual defendant. Therefore, the claims against Defendant Ullman should be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B).

B.  Durham County Government

With respect to the Motion to Dismiss as to Defendant Durham County Government, Defendant Durham County contends that Plaintiff's attempt at service of process upon it was not effective. The record shows that Plaintiff, through the United States Marshal, attempted service by certified mail addressed to "Durham County Government." (See USMS Return [Doc. #9].) The return receipt was signed by John Bass, the same person who signed receipts for the other Defendants. There is no showing that John Bass is a proper recipient of process for Durham County. See Fed. R. Civ. P. 4(j)(2)(B); N.C. R. Civ. P. 4(j)(5)(b) (requiring service by mail addressed to the county manager or to the chairman, clerk, or any member of the board of commissioners). In response, Plaintiff concedes that he has not properly served Durham County. (Pl.'s Response [Doc. #16] at 2 ("[O]pposing counsel has correctly pointed out that service upon defendant Durham County Government was improper.")) Plaintiff requests that the claims against Defendant Durham County be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for lack of jurisdiction, without prejudice to him refiling this suit within one year. (Id.)

In considering this issue, the Court notes that Federal Rule of Civil Procedure Rule 4(m) directs the Court to dismiss without prejudice any action against a defendant who is not served

4

within 120 days after the complaint is filed, or "order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Advisory Committee Notes to Rule 4(m) provide that an extension of the time for service, rather than dismissal, is justified "for example, if the applicable statute of limitations would bar the refiled action." In the present case, Plaintiff concedes that he failed to properly serve the County, although it is undisputed that Plaintiff, who is proceeding *pro se*, did attempt to serve the County, and the County received a copy of the Complaint. In addition, the Court notes that even a dismissal without prejudice could result in any refiled action being barred by the statute of limitations. See, e.g., Basnight v. Potter, No. 1:10-CV-33-FL, 2011 WL 1366376 (E.D.N.C. April 11, 2011). Therefore, having considered the issues raised in the present case, the Court finds good cause to extend the period for service for thirty (30) days from the date of this Order. If Plaintiff fails to properly serve the County within that time, the claims against the County will be dismissed under Rule 4(m).

Finally, the Court will recommend that in the circumstances, the Motion to Dismiss as to Defendant County of Durham be terminated as moot, without prejudice to refiling after the County has been properly served or the period for service, as extended herein, has lapsed.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss [Doc. #13] be GRANTED IN PART, and that all claims against Defendants Chaela Garland-Downey, Elaine Hyman, Joyce Logan, Robie McLamb, and Kimberly Simpson be dismissed pursuant to Rule 12(b)(6).

5

IT IS FURTHER RECOMMENDED that all claims against Defendant Ullman be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS ORDERED that the time for service as to Defendant County of Durham is extended pursuant to Federal Rule of Civil Procedure 4(m) for thirty (30) days from the date of this Order.

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss [Doc. #13] be DENIED as to Defendant County of Durham, without prejudice to refiling as set out herein.

This, the 28th day of September, 2012.

        /s/ Joi Elizabeth Peake
    United States Magistrate Judge