IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SEAN E. PINNIX,                )
                               )
        Plaintiff,             )
                               )
    v.                         )   1:11CV668
                               )
DURHAM COUNTY GOVERNMENT,      )
                               )
        Defendant.             )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before the court is the Second Motion to Dismiss filed by Defendant Durham County Government (hereinafter referred to as "Defendant" or "Durham County"). (Doc. 23.) Defendant has filed a memorandum (Doc. 24) in support of its motion, and pro se Plaintiff has filed a response in opposition (Doc. 26). Defendant did not file a reply. Defendant's motion is now ripe for adjudication, and for the reasons that follow, this court will deny the motion.[1]

---

[1] This Order does not address the extent to which particular legal theories and factual allegations were properly exhausted through the EEOC administrative process.

## I. Background

Plaintiff's Amended Complaint alleges that Defendant violated various provisions of the Americans with Disabilities Act, 42 U.S.C. § 12101-12213.

The following facts are presented in the light most favorable to Plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[2] Plaintiff is a former employee of Durham County, where he worked as a Tax Assistant I from December 14, 2005, until his termination on October 25, 2010. (Amended Complaint ("Am. Compl.") (Doc. 5) at 2.)[3] He filed a timely EEOC complaint alleging disability discrimination, and received a right-to-sue letter on May 25, 2011. (Id. at 3.) Plaintiff filed his original complaint with this court on August 23, 2011. (Id.) He filed this Amended Complaint on September 20, 2011.

---

[2] The facts are drawn from the Amended Complaint. As discussed below, the court finds that Plaintiff properly amended his original complaint and that his Amended Complaint relates back to the initial filing date, making the Amended Complaint the operative pleading, see Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001). Because this court has adopted the Recommendation (Doc. 27), this Order omits any reference to the individual Defendants.

[3] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Plaintiff suffers from hyperglycemia unawareness, "a progressive complication stemming from long term type-1 juvenile diabetes." (Id.) As a result of this condition, Plaintiff at times "exhibits uncharacteristic demeanor and personal behavior and sometimes loses consciousness." (Id.) Members of Defendant's management team learned of his condition when, on an unspecified date in 2006, emergency medical technicians were summoned to the workplace after Plaintiff lost consciousness. (Id.) After this event, Plaintiff "returned to performing the essential functions of his job" (id.), and has not lost consciousness at work on any other occasion. (Id. at 4).

Plaintiff further alleges that he was "qualified for his position with or without accommodations." (Id.) He received satisfactory performance evaluations each of his first three years working for Defendant. (Id.) Furthermore, his hyperglycemia unawareness "posed no danger to co-workers or to the general public." (Id.)

Plaintiff alleges that Defendant has exacerbated the complications associated with his medical condition by denying his requests for reasonable accommodations and by taking disciplinary action against him for actions resulting from this medical condition. In April 2008, Plaintiff requested "time out to check his blood glucose and to eat snacks as needed"; this

- 3 -

request was denied, and Plaintiff was suspended without pay and threatened with termination.  (Id.)  On July 9, 2009, Plaintiff requested a lateral transfer, but Defendant also denied this request; instead, it instituted a "formal corrective action plan and threatened him with termination."  (Id. at 4-5.)  Plaintiff was written up on September 27, 2010, for unacceptable personal conduct and was again threatened with termination; his unacceptable conduct was allegedly a result of Defendant's failure to accommodate his 2009 request.  (Id. at 5.)

Soon after the September 2010 incident, Plaintiff filed his first EEOC charge.  (Id.)  Within the following month, he was first suspended and then terminated.  (Id.)

Plaintiff also alleges that his supervisor, Joyce Logan, subjected him to performance standards that were more onerous than those imposed on similarly-situated non-disabled employees. (Id. at 6.)

Plaintiff requests damages as well as reinstatement to his former position with back pay and benefits.

**II. Analysis**

**(1) Motion to Dismiss Amended Complaint as Untimely[4]**

Defendant first argues that Plaintiff's Amended Complaint should be dismissed because it was filed more than ninety days after Plaintiff received his right-to-sue letter from the EEOC. Defendant also contends that Plaintiff was required to seek permission from either Defendant or the court before amending his original complaint. Finally, Defendant argues that the Amended Complaint changes Plaintiff's "causes of actions and his factual allegations such that [it] is not simply an update of the facts, but essentially a new complaint." (Def.'s Br. (Doc. 24) at 4.)

For the reasons that follow, this court finds that Plaintiff properly amended his original complaint and that the

---

[4] Defendant appears to treat this issue as one of subject matter jurisdiction. (See Def.'s Second Mot. to Dismiss (Doc. 23) at 1; Def.'s Br. in Supp. of Second Mot. to Dismiss ("Def.'s Br.") (Doc. 24) at 5.) However, "[t]he 90-day filing requirement is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 321 (4th Cir. 2011) (quoting Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006)). The court will consider the argument on the proper grounds.

Amended Complaint relates back to the initial filing.[5]

First, the court finds that Plaintiff properly amended his complaint. After filing at least one administrative charge, Plaintiff received a right-to-sue letter from the EEOC on May 25, 2011, and filed his initial complaint with this court on August 23, 2011, within the ninety-day filing period. (Am. Compl. (Doc. 5) at 3.) He filed an Amended Complaint with this court on September 20, 2011, outside the ninety-day filing period.

Although Plaintiff filed his Amended Complaint outside the ninety-day filing period, Federal Rule of Civil Procedure 15(a)(1)(B) allows a plaintiff to amend his or her complaint "once as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." As admitted by Defendant Durham County Government, "Plaintiff served both the original complaint and amended complaint on the Defendant at the same time." (Def.'s Br. (Doc. 24) at 3-4.) Because Defendant received the Amended Complaint before it even had the

---

[5] The court also notes that Defendant did not object to the portion of the Magistrate Judge's Recommendation noting that Plaintiff's Amended Complaint had superseded the original complaint. (See Def.'s Obj. to the Order & Recommendation of the U.S. Mag. J. (Doc. 19).) Instead, Defendant continued to cite the original complaint. (See id. at 2.)

opportunity to consider filing a responsive pleading or Rule 12 motion, Plaintiff had "an absolute right to amend his complaint once . . . and need not [have sought] leave of court to do so." See Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010).

Second, the court finds that Plaintiff's Amended Complaint relates back to August 23, 2011, the date he filed his original complaint. Federal Rule of Civil Procedure 15(c)(1)(B) provides in pertinent part that an "amendment to a pleading relates back to the date of the original pleading" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005) (quoting Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982)). The purpose of this rule is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." Krupski v. Costa Crociere S. p. A., 560 U.S. ____, ____, 130 S. Ct. 2485, 2494 (2010); see also Goodman v. Praxair, Inc., 494 F.3d 458, 468 (4th Cir. 2007) (en banc)

- 7 -

("Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of the statutes of limitations have been effectively served.").

In the Fourth Circuit, courts applying Rule 15(c) focus on two factors:

> First, to relate back there must be a factual nexus between the amendment and the original complaint. Second, if there is some factual nexus an amended claim is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment.

Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983); see also Harley v. Chao, 503 F. Supp. 2d 763, 771 (M.D.N.C. 2007). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." Laber, 438 F.3d at 427.

Here, the court finds that a substantial factual nexus exists between the amendment and the original complaint. The Amended Complaint alleges only a violation of the ADA, a cause of action cited in the original complaint. Furthermore, the Amended Complaint is based on the same general allegations, although it does add a few new contentions arising from the same employment relationship. Outside of new jurisdictional information, the Amended Complaint adds certain allegations regarding purported disparate treatment, including that

Plaintiff's supervisor, Joyce Logan, required him to "smile more while talking on the phone," that she required Plaintiff to "leave his call station to assist others," and that she held Plaintiff to a "'100 percent accuracy – 99 percent of the time' performance standard" – allegedly in contrast to similarly situated non-disabled employees. (See Am. Compl. (Doc. 5) at 6.) Plaintiff also modified the date on which Defendant learned of his Type-1 diabetes. Compare id. at 3 ("In 2006"), with Complaint (Doc. 2) at 3 ("April 10, 2008").

Defendant contends that these modifications change Plaintiff's "causes of actions and his factual allegations such that his amended complaint is not simply an update of the facts, but essentially a new complaint." (Def.'s Br. (Doc. 24) at 4.) The Amended Complaint, however, does not add to Plaintiff's causes of action in any substantial way. The Amended Complaint – unlike the original complaint – does specifically refer to Title V of the ADA, presumably alleging retaliation. On the other hand, the original complaint alleged that Defendant retaliated against Plaintiff for filing his first administrative charge. Therefore, the change – if any – in Plaintiff's causes of action is de minimis as his retaliation claim arises from a common core of facts.

Furthermore, both the nature of the amendment and its timing support finding that the Amended Complaint relates back to the initial filing date.  Defendant had notice of the claims through the administrative process.  Furthermore, Defendant received both the amended complaint and the original complaint at the same time, eliminating any risk of prejudice beyond not succeeding on its timeliness argument.  "Moreover, with the case only at the motion-to-dismiss stage, the parties have not yet conducted discovery, and Defendant has ample time to gather additional evidence . . . ."  <u>Harley</u>, 503 F. Supp. 2d at 771-72.

**(2) Motion to Dismiss Original Complaint**

Defendant limits its Rule 12(b)(6) argument to Plaintiff's original complaint.  (<u>See</u> Def.'s Br. (Doc. 24) at 2, 5.) Because the Amended Complaint, not the original complaint, is the operative pleading, Defendant's motion to dismiss for failure to state a claim is denied as moot.

**III. Conclusion**

For the reasons set forth herein, **IT IS ORDERED** that Defendant's Second Motion to Dismiss (Doc. 23) is **DENIED**.

This the 29th day of January, 2013.

/s/ William L. Osteen, Jr.
_____
United States District Judge

- 10 -

Case 1:11-cv-00668-WO-JEP   Document 28   Filed 01/29/13   Page 10 of 10